Searcy filed his bill praying for relief against a judgment obtained at law against him by the defendant, Pannell.
The bill stated that the complainant, with one Solomon Walker as his security, had executed their bond to a certain Francis Bassier, in his lifetime, for five thousand pounds of tobacco; that after the execution of said bond, he paid to the said Bassier fifty-five pounds in part discharge thereof, and took Bassier's receipt; that the complainant then moved to the State of Kentucky, and that afterwards a suit was brought by the defendant, Burton, as administrator of Bassier, who had in the mean time died, against the defendant, Pannell, who was then the administrator of Solomon Walker, the security, and a judgment was recovered in the Granville County Court for the full amount thereof; after this, he returned to North Carolina, where these several transactions happened, and upon being informed thereof, he executed his bond to Pannell for the same, which bond is the foundation of the action at law.
The complainant then states that, at the time he executed the bond to Pannell, he informed Pannell that a part of the money had been paid, whereupon Pannell agreed that he would give a credit on said bond for all that Searcy could produce Bassier's receipt for. The bill then charges a fraud and collusion between Burton and Pannell to defraud Searcy, and that by *Page 111 
such means the judgment against Pannell was alone obtained. Burton is made a defendant.
Burton, in his answer, denies all fraud and collusion, and avers that the whole amount recovered against Pannell was justly due. He also states that the receipts procured by the complainant from Bassier, applied to an open account, and not to the bond for tobacco.
Pannell answers that Searcy did represent to him, at the time he executed the bond, that some payments had been made to Bassier, and that he agreed he would give Searcy a credit on the bond, for whatever sum he could procure the written assumpsit of Burton to refund; and he positively denies that any other agreement was made.
He then denies that he had been guilty of any fraud; and stated he had used every exertion, such as employing counsel, etc., to defend the suit brought by Burton, but without effect.
One witness was introduced, on the part of the complainant, at the hearing of the cause, for the purpose of proving that Pannell had been guilty of a fraud in suffering judgment to go against him, when he was sued by Burton, and that if he had fairly and honestly defended the action, a judgment would not have been recovered for that part which had before been paid to Bassier; and that Pannell, with a full knowledge upon that subject, had refused to have witnesses summoned who would prove the payment.
admitted the rule, as contended for by Pannell's counsel, viz. that an answer, responding to the bill, and denying the allegation, must be taken as true, unless contradicted by two positive witnesses, or one positive witness and strong corroborating circumstances. He added: The reason of the rule is, that the complainant, by appealing to the conscience of his adversary, thereby admits his statement is entitled to some weight; otherwise, it would be as well to receive the answer without affidavit. Therefore, when the answer is sworn to, and is only contradicted by one witness, it is only oath against oath, and the complainant shall not have a decree. But, in this case, the bill is also sworn to; which seems to vary *Page 112 
the rule. It is not oath against oath which is the reason for the adoption of the rule, but it is the oath of the complainant and one disinterested witness against the oath of the defendant. It seems to me, therefore, that in cases of injunctions, like the present, where the complainant has to swear to his bill, the rule does not apply.