## AUTREY v. CANNON.

The answer of a defendant, although properly under oath, as where the petition prays for an injunction, is not evidence for the defendant, on the trial, except where it is in response to interrogatories filed by the plaintiff, under the statute. (Hart Dig., Art. 785, 740.)

We are of opinion, therefore, that there was error in the instruction, to the effect that two witnesses, or one with strong corroborating circumstances, were necessary to rebut the answer of defendant. But, nothwithstanding this error, yet, as the justice of the case was attained by the verdict, the judgment must be sustained.

Where the plaintiff, in a suit to set aside a former judgment, on the ground that the present defendant had agreed to dismiss that suit in consideration of a horse to be delivered to him by the present plaintiff, and of a certain sum to be paid by a future day to a third person, but in the absence of the present plaintiff had taken judgment, before the time had arrived for the payment of the money to the third person, it was held that the accord was not complete, unless the plaintiff delivered or offered to deliver the horse.

Autrey v. Cannon.

See this case as to averments of readiness and willingness to pay, where there is no tender ; and as to averments of the payment of the money into Court, where it is not so paid.

*Quere ?* As to allegations necessary to make a case of accord, as to suit pending.

Error from Washington. The plaintiff in error, who was plaintiff in the Court below, filed his petition for injunction, alleging that he had been sued by Wm. Cannon, on a note for seven hundred and fifty dollars ; that before judgment, the plaintiff and Cannon had compromised their suit, by plaintiff agreeing to pay Stephens of Houston, four hundred and forty dollars, on or before the 25th December, 1850, and also to pay to Cannon a horse, without agreement as to time, place, or value of the horse. And the defendant agreed that such payments should be in full satisfaction of his claim, and that he would proceed no further, but would direct the suit to be dismissed ; that, relying on such compromise and promise, the plaintiff paid no further attention to the suit, and supposed that the same was dismissed ; but that Cannon, in violation of his promise, had, without informing the plaintiff, procured judgment on the note, previous to the time that petitioner was bound to pay the four hundred and forty dollars, and the horse, according to compromise ; that the petitioner was misled, and prevented by the promise of the said Cannon from defending the suit, and setting up the said compromise ; that he has always been ready to comply with the agreement, and tendered to the Court the said sum of four hundred and forty dollars, and that he was and always had been ready to pay the horse, whenever called upon for the same.

The defendant excepted generally to the petition, and denied his assent to any such arrangement or compromise, as that set forth in the petition ; that he refused to accept such proposition when made by petitioner, but stated to complainant, that if he would pay Stephens the amount specified, on or before the 25th December, 1850, and deliver him a horse immediately, it would be satisfactory, meaning and it was so understood by the complainant, that the payment of that amount and of the

horse would be in satisfaction of the judgment; that he agreed to receive such payments, only in consideration of their being promptly made, and it was expressly understood that unless promptly made, they were not to be in satisfaction of the said judgment; that the complainant has failed to comply with the terms of the proposition, and the defendant was put to much trouble to pay the said debt; and that the complainant has not delivered or offered to deliver a horse.

The injunction was dissolved, the decree reciting that the sum of four hundred and forty dollars, acknowledged to be due, had not been paid into Court; and judgment was given for defendant, the petition being ordered to stand over for a final hearing. The defendant having departed this life, his administrator, Wm. R. Cannon, was made a party. Some other proceedings were had, not necessary to be noticed.

At the final trial, W. R. Allen was introduced as a witness, and his testimony was to the effect, that such an arrangement as that set forth in the petition was made between the parties except as to the horse, witness being unable to state whether Cannon was to call for the horse or Autrey was to have him delivered; that the horse was in possession of Autrey's brother; was worth about sixty or seventy dollars; but did not know that Cannon ever got the horse, or that he was ever offered to him by Autrey.

At the instance of the defendant, several charges were given to the jury, one of which was to the effect, that, unless the horse was paid or tendered to Cannon, the original obligation remained in full force, as though no agreement to receive him had been made. Another was that the defendant's answer, if not contradicted by two witnesses or by one with strong corroborating circumstances, should be taken as true.

The judgment was for defendant.


J. Willie, for plaintiff in error. There was error in the charge of the Court. The chancery rule has no application

Autrey v. Cannon.

to our practice. There is but one case in which the answer of the defendant is entitled to the weight given to it by the charge of the Court; that is where it is drawn out by interrogatories. (Hart. Dig. Art. 735, 740.) It would be a strange construction of the Act regulating injunctions, (Hart. Dig. Art. 1597,) to say that the answer, by reason of its being required to be under oath, should have any greater force, at the trial, than an answer in ordinary cases. Upon the testimony, the jury would no doubt have found a verdict for the plaintiff, had they not been controlled by the charge of the Judge.

*J. Sayles*, for defendant in error. It is immaterial whether the charge was correct or not. The testimony clearly shows that the plaintiff had not complied with any portion of his contract. The answer of Cannon is full; and it was incumbent on the plaintiff to establish his allegations by two witnesses, or by one with corroborating circumstances. (York v. Gregg, 9 Tex. R. 85.)

HEMPHILL, CH. J. Several errors have been assigned; but the only material point raised by them, is as to the soundness of the proposition, that the answer must be taken as true, unless controverted by two witnesses or by one with corroborating circumstances.

That such is the effect of an answer when responsive to the allegations of a bill, according to the regular course of chancery practice, is unquestionable. The rule seems originally to have been borrowed from the maxim of the Civil Law, *responsio unius non omnino audiatur*, and required the evidence of two witnesses as the foundation of a decree. The reason of the rule is founded upon the equitable principle, that, as the defendant is required to answer under oath, and his answer is thus made evidence, his testimony should be equal to that of any single witness in opposition, and therefore two witnesses, or one with corroborating circumstances, are requir-

14

ed to turn the balance of proof in favor of the plaintiff. (2 Story, Eq. Sec. 1528; 9 Cranch, 160; Gresley on Eq. Ev. p. 4.)

But this rule, which gives so much force to an answer, as evidence in favor of the party by whom it is made, has, in the Courts of some of the States, its exceptions. Thus in Tennessee, an injunction bill, sworn to by the complainant, may be sustained by one witness, though it be denied by the answer. (Cooke, 110–112.)

But the rule has no force under our system of pleading; or rather, its application is limited to cases in which the party responding, is directly and specially interrogated as to the facts upon which his evidence is required. The answer is not, under our system, always under oath unless it be dispensed with by the plaintiff. An oath is not a legal requisite, unless the answer be in response to special interrogatories included in or annexed to the petition—and its verification by affidavit, under other circumstances, does not make it evidence or give it more weight than if it had been without oath.

The statute regulating proceedings in District Courts, directs the mode in which parties to suits may obtain the evidence of each other; and their testimony when thus procured, becomes evidence which can be overborne only by written proof, two witnesses or one with corroborating circumstances. (Dig. Art. 735, 740.) But, in the case under revision, the defendant was not interrogated, or required to answer matters alleged in the petition, and his answers consequently have not the potency, as evidence, ascribed, by the statute, to answers responsive to direct interrogatories.

It is very true, that answers to petitions for injunctions are required to be under oath—but so is the petition—and there is abundant reason why, in such proceedings, the respective allegations of the parties should be under oath. The Court is invoked to exert in a summary manner, extraordinary powers, in the grant and dissolution of its restraining process; and it is very expedient that its action should be based upon the real facts of the case. This would be, at least in a great

measure, secured by the verification under oath, of the respective pleadings of the parties. The necessity of swearing to their averments would produce caution and circumspection in their statements. But the allegations of each are under oath; and, in principle, there is no reason why more credit should be given to the statements of the defendant, than to those of the plaintiff.

Had the latter, in this case, required the former to respond to any interrogatories, and thus made a witness of him, then the statute would apply, and give extraordinary efficacy to his answer. But no interrogatories were propounded. The plaintiff did not attempt to make the defendant a witness; and his answer can have no effect as evidence in his own favor; nor does it require more than one witness to contradict and repel its statements.

We are of opinion, therefore, that there was error in the instruction, to the effect that two witnesses, or one with circumstances, was necessary to rebut the answer of defendant.

But notwithstanding this error, yet, as the justice of the case was attained by the verdict, the judgment must be sustained. The allegation of the plaintiff, that neither the time, nor place of delivery, nor value of the horse was fixed by the agreement, was not sustained by the proof; and the presumption—there being no proof to the contrary—is that the horse was to be delivered immediately. The arrangement was greatly to the disadvantage of the defendant. It sacrificed between two and three hundred dollars of his claim; and, unless the proof was positive to the contrary, his assent to such a compromise must be presumed to have been based on some supposed advantage to be derived from the prompt payment of the money and the horse. This was not done. There was no proof of tender of the horse; no offer to pay the money at the time promised; nor was the money deposited in Court, although so averred by the plaintiff.

It may well be doubted whether the contract was not void for the want of consideration. There is no averment of any

valid defence against the claim of the defendant, or that its recovery could have been successfully resisted. The arrangement was to the advantage of the plaintiff. The defendant gained nothing, but was largely the loser ; and if the contract be not void, yet it could not be enforced, unless the plaintiff had literally complied with its terms, and was ready and eager to carry it into effect. Upon the whole, we are of opinion that the judgment is sustained by the facts in the cause, and that the same be affirmed.

Judgment affirmed.