## DOROTHY R. MUNDHENK
*vs.*
## WILLIAM J. MUNDHENK

Superior Court      Hartford County      File No. 65297

MEMORANDUM FILED OCTOBER 27, 1941.

*Gross, Hyde & Williams*, of Hartford, for the Plaintiff.

FOSTER, J. In this action the plaintiff claims a decree of divorce from the defendant upon two grounds, desertion and adultery.

The facts of the case, though uncontested in this court, are so unusual and so seriously affect parties other than the plaintiff and the defendant that the court has considered it necessary that all of the evidence and the law applicable thereto be considered with great care. In this effort counsel for the plaintiff have conscientiously and materially aided the court.

An affidavit has been presented to the court to the effect

that the defendant is not now in the military service of the United States and is not so prevented from appearing in this court and offering any defense that he may have.

By order of this court personal service of process in this case was duly made upon the defendant in the City of Pittsburgh, State of Pennsylvania, by an indifferent person, and proof of such service is made to this court.

Notwithstanding the fact that the defendant has had due and timely notice of the pendency of this action in this court, he has not appeared personally or by counsel to defend in this action.

We consider first the claim of desertion. Undisputed evidence, fully credited by the court, has been presented that the plaintiff and the defendant were living together as husband and wife in Hartford in this State during the month of March, 1938, and for some years prior thereto. The plaintiff and the defendant continued to have their residence in the same dwelling house until July, 1938, since which time they have not resided in the same dwelling house. From March, 1938, to the present time the defendant has not contributed to the maintenance and support of the plaintiff and has not had sexual intercourse with the plaintiff; all against her desire and will. In the spring of 1940 the defendant personally asked the plaintiff to "give him a divorce." Upon her refusal to do this, it was later suggested to the plaintiff by counsel for the defendant that the plaintiff and the defendant "get together about a separation agreement."

One of the grounds of divorce under the law of this State is "wilful desertion for three years with total neglect of duty." (Gen. Stat. [1930] §5174.) Our Supreme Court of Errors has defined desertion to be "Wilful absenting of one party to the marriage contract from the society of the other, coupled with the intention on the part of the absenting party to live apart, in spite of the wish of the other, and not to return to cohabitation.

"This definition. . . .involves the coexistence of the following conditions: (1) Cessation from cohabitation, (2) an intention on the part of. the absenting party not to resume it, (3) the absence of the other party's consent, and (4) the absence of justification." *Dow vs. Dow,* 97 Conn. 488, 490.

See, also, *Colt vs. Colt,* 90 id. 658; *Todd vs. Todd,* 84 id. 591; *Tirrell vs. Tirrell,* 72 id. 567; *Bennett vs. Bennett,* 43 id. 313.

I find as a fact in this case that the defendant did desert the plaintiff.

But there are further facts in this case that require serious consideration.

On June 11, 1940, the Circuit Court of the County of Adair, State of Missouri, granted a decree of divorce to William J. Mundhenk (the present defendant) against Dorothy Mundhenk (the present plaintiff).

This court cannot in this case grant a decree of divorce to the plaintiff against a man who is not her husband—against a man who is divorced from her.

We must therefore examine the proceedings in the court that granted a decree of divorce to the defendant from the plaintiff. A certified copy of the decree of divorce granted to the defendant by the Circuit Court of Adair County, State of Missouri, is in evidence in this case. This in part is as follows:

"ORDER OF PUBLICATION—IN VACATION, APRIL 19, 1940. Now at this day comes William J. Mundhenk, the plaintiff in the above entitled cause of action, before the undersigned Clerk of the Circuit Court of Adair County, in vacation, and files his petition and affidavit, stating among other things, that the above named defendant, Dorothy Mundhenk, is not a resident of this state and cannot be summoned to this action by ordinary process of law. It is thereupon ordered by the clerk aforesaid, in vacation, that publication be made notifying her that an action has been commenced against her by petition in the Circuit Court of Adair County, in the State of Missouri, the general nature and object of which is to obtain a decree of divorce from the bonds of matrimony contracted between plaintiff and defendant. That unless she be and appear at the next term of said court, to be holden at the courthouse in Kirksville, within the county of Adair on the 10th day of June, 1940, and on or before the first day thereof, judgment will be rendered against her. It is further ordered that a copy hereof be published in the Adair County Herald, a newspaper published in said County of Adair, for four weeks successively, the last insertion to be at least fifteen days before the commencement of the next term of said Court."

## "DIVORCE

"Plaintiff states that on the 20th day of September, 1927, in the State of Ohio, he was lawfully married to the defendant, and that he continued to live with her from and after said date until the 1st day of April, 1939. That during all that time the plaintiff demeaned himself toward the defendant in a true and faithful manner, and at all times herein mentioned treated her with kindness and affection, and discharged all of his duties as her husband.

"Plaintiff states that during said marriage, plaintiff and defendant adopted a child, now of the age of three and one-half years, Peter Mundhenk, now in the custody of the defendant. Plaintiff states for his cause of action that since the time of said marriage between plaintiff and defendant, said defendant wholly disregarding her duties as the wife of this plaintiff, has offered such indignities as to render his condition in life intolerable as the husband of defendant, in this, to wit: That defendant has on many and divers occasions displayed towards plaintiff a violent and ungovernable temper. That on many occasions, and without justification, defendant has threatened to leave plaintiff, and has on many occasions, left and absented herself from this plaintiff for periods of three, four and six months, against the wishes and desires of the plaintiff, during which times, plaintiff did not know of or hear from defendant, nor was he informed of her whereabouts, and upon which occasions defendant would take with her said adopted child. The plaintiff has been deprived of the comfort, companionship and consortium of defendant that he was entitled to by virtue of said marriage, and has been deprived on such occasions of the companionship of said minor child. That on repeated and various occasions, defendant has told, to and stated to plaintiff that she did not care for him, and that she did not love him. That defendant has absented herself without reasonable cause, from this plaintiff for the space of one year next last past, that the defendant is not a resident of this state and cannot be summoned to this action by ordinary process of law.

"Plaintiff states that he is now a resident of Adair County, State of Missouri, and has resided within this state one whole year next last past before the filing of this petition.

"WHEREFORE, Plaintiff prays to be divorced from the bonds of matrimony contracted as aforesaid with the defendant.

That he be restored to all of the singular rights, privileges and immunities of a single and unmarried man, and for such other orders touching the premises as may be meet, just and proper.

"William J. Mundhenk
Plaintiff."

The grounds of divorce above set forth the plaintiff in this case denies. These might be disputed questions. The fact, however, cannot be disputed that during the entire time that the action for divorce was pending in Missouri the defendant in this case knew the whereabouts, the domicile, the residence of the plaintiff in this case, and yet he gave no notice to the plaintiff in this case of the pendency of the action in Missouri, other than by publishing a notice in a newspaper published in Adair County, State of Missouri. He not only knew her residence, but he saw and talked with her in the spring of 1940 and asked her to "give him a divorce." In the summer of 1940 his counsel communicated with her, but gave her no notice that their client had been granted a decree of divorce in Missouri. The plaintiff did not know of the decree of divorce in Missouri until after it had been granted and until after the defendant married another woman. It is inconceivable that a court would grant an order of notice to be published in a newspaper published in Missouri, unless such court was informed that the whereabouts of the person to be notified were unknown. It is perfectly obvious that an imposition was practiced upon the court in Missouri by the defendant in this case or by his counsel, and that the decree of divorce granted by the Missouri court was secured by fraud of the defendant in this case.

Under these circumstances this court is not required to give effect to the decree of divorce granted to the defendant in this case against the plaintiff in this case by the Missouri court. The decree of the Missouri court is void by reason of lack of notice to the defendant in that case (the plaintiff in this case) and by reason of the obvious fraud practiced by the plaintiff in the Missouri case upon the Missouri court in securing the decree of divorce. *Haddock vs. Haddock*, 201 U.S. 562; *Pettis vs. Pettis*, 91 Conn. 608; *Mills vs. Mills*, 119 id. 612.

In so far as the plaintiff in this case is concerned, the decree of the Missouri court is of no effect and did not cause her to cease to be the wife of the defendant in this case.

It is in evidence in this case that since the decree of divorce was granted to the defendant in this case by the Missouri court he has been married to another woman, and a child has been born to them. Cohabitation by the defendant with a woman other than the plaintiff constitutes adultery on the part of the defendant.

The court might hesitate to grant a decree in this case that brings such unfortunate results upon innocent persons, the woman whom the defendant has married and the child born to them. The defendant is entitled to no consideration by this court. It is his fraud upon the Missouri court that has brought about this situation. But his status, the status of the woman whom he has married and of their child, to say nothing of the status of the plaintiff, are now uncertain. This can be no better illustrated than by the fact in evidence in this case that the plaintiff cannot join with relatives in selling real estate in the State of Ohio, because her marriage status is uncertain.

The true status having been established, a decree of divorce being granted to the plaintiff in this case, the defendant is then free under the law of this State to marry whom he chooses, and the child of whom he and the woman whom he so marries would be thus legitimatized.

The plaintiff and the defendant have an adopted child, Peter, born November 25, 1937.

A decree of divorce is granted to the plaintiff against the defendant on the grounds of desertion and adultery.

It is decreed that the plaintiff's name be changed to Dorothy A. Renkert.

In accordance with the prayer of the plaintiff, it is decreed that the defendant pay unto the plaintiff $20 per month for the maintenance of the child, Peter, and that he have the right to reasonable visitation and partial custody of such child, Peter.