## ANNA MALLIN BOYARSKY
*vs.*
## JOSEPH BOYARSKY

Superior Court      Fairfield County      File No. 64884

MEMORANDUM FILED JULY 16, 1943.

*Redden & Weiss,* of Bridgeport, for the Plaintiff.

*J. Philip Magill,* of Bridgeport, for the Defendant.

MELLITZ, J. The evidence establishes the following facts: The plaintiff and defendant were married in New York City on July 24, 1926. For approximately six years they lived together at 785 East Tremont Avenue, Bronx, New York City. With them lived the plaintiff's father, sister and brother-in-law. On or about June 30, 1940, the defendant abandoned the plaintiff. She was then, and still is, in ill health, and she has continued to reside at the East Tremont Avenue address with her father, sister and brother-in-law. The condition of her health has prevented the plaintiff from getting employment and she has been partially supported by such relief as she was able to obtain from a charitable welfare society. On November 30, 1940, the defendant was rooming at 228 East 5th Street, New York City, and some time in December, 1940, he left New York and went to Nashville, Tennessee. After a brief stay in Nashville, he went to Tullahoma, Tennessee, where he worked for two or three weeks, thence to Little Rock, Arkansas, where he arrived some time in January, 1941. In February, 1941, he obtained employment in Mineral Wells, Texas, in the construction of Camp Walters. In March he went to Long Beach, California, for about one week. He also spent a day or more in Indianapolis, Indiana, and worked for about two weeks in Leesville, Louisiana, but the dates of his sojourns in Indianapolis and Leesville do not appear.

On April 3, 1941, he filed a complaint for divorce in the Garland Chancery Court at Hot Springs, Garland County, Arkansas, reciting in his complaint that he had been a resident of Arkansas for six months before the filing of the suit. With the complaint he filed an affidavit that his wife was a non-resident of the State of Arkansas. He also filled out a questionnaire which required him to give all the information he possessed as to the address of his wife and the name and address of her nearest relative. He gave his wife's last known address as New York City, omitting to state any street or number, and he stated that he did not know the name and address of her nearest relative. Based upon his affidavit and his answers to the questionnaire, the court issued a warning order warning the defendant in the action to appear within 30 days and answer to the complaint; and the court further appointed an attorney ad litem for the purpose of notifying the defendant in the action of the pendency of the proceedings. The warning order was thereafter published four times in a newspaper having a circulation in Hot Springs; and the attorney ad litem,

in an effort to give notice to the defendant in the action, sent a letter by registered mail addressed to "Mrs. Anna Boyarsky, New York City, N. Y." On April 29, 1941, the attorney *ad litem* filed a report with the court stating that in the due course of mail the letter had been returned to him for better address. No further effort was made to give the plaintiff herein notice of the pendency of the action. On May 7, 1941, the court made a finding that "the defendant has been served with process by the publication of a warning order for the time and in the manner required by law and subject to the jurisdiction of the Court", and entered a decree of divorce.

Shortly thereafter the defendant returned to New York and there, on May 22, 1941, mailed a photostatic copy of the divorce decree addressed to the plaintiff at 785 East Tremont Avenue, Bronx, New York. The plaintiff received the same and learned therefrom of the divorce proceedings for the first time. She immediately filed a complaint on May 23, 1941, in the Domestic Relations Court of the City of New York charging the defendant with neglecting to provide her with reasonable support. The defendant was brought before the court and on June 25, 1941, after due hearing, was ordered by said domestic relations court to pay the sum of $12 each week for the plaintiff's support.

The defendant testified herein that at all times during the pendency of the divorce action in the Arkansas court he knew the address of his wife in New York City and the names and addresses of her relatives who resided there with her.

The conclusion is inescapable that the defendant committed a fraud on the Arkansas court in concealing and withholding from the court the information of which he was possessed and the disclosure of which would have enabled the court to give the plaintiff due and timely notice of the pendency of the proceedings. It must also be concluded that the defendant failed to disclose such information in order to deprive the plaintiff of notice of the action and an opportunity to appear and be heard therein.

Proper notice to the plaintiff herein was essential to the exercise of jurisdiction by the Arkansas court and a decree, without proper notice, is invalid. *Restatement, Conflict of Laws* §109. A foreign divorce decree may be attacked for fraud which has deprived the defendant of an opportunity to

make a full and fair defense. *Restatement, Conflict of Laws* §110, comment c; 2 *Beale, Conflict of Laws* (1935) §440.4. *See, also, Mundhenk vs. Mundhenk,* 10 Conn. Sup. 71.

It is concluded therefore that the judgment of divorce entered in the Garland Chancery Court for Garland County, Arkansas, was invalid because of the fraud practiced on said court by the defendant herein and the absence of proper notice to the plaintiff herein and an opportunity for her to appear and make a defense.

It is furthermore required that the Arkansas divorce decree be found invalid because neither the plaintiff nor defendant was domiciled in the State of Arkansas at the time of the divorce proceedings. "A state cannot exercise through its courts jurisdiction to dissolve a marriage when neither spouse is domiciled within the state." *Restatement, Conflict of Laws* §111. The evidence relating to the defendant's brief sojourn in Arkansas clearly negatives the elements required to exist for the establishment of a domicile on his part in the State of Arkansas. *Gildersleeve vs. Gildersleeve,* 88 Conn. 689; *State vs. Cooke,* 110 id. 348; *Mills vs. Mills,* 119 id. 612. The recent decision of the United States Supreme Court in *Williams vs. North Carolina,* 317 U.S. 287, does not, as urged by the defendant, prevent the plaintiff herein from questioning the validity of the Arkansas decree on the ground that the Arkansas court lacked jurisdiction to enter the decree. *Hooker vs. Hooker,* 130 Conn. 41, 47.

Under the first count of the complaint the plaintiff sought to recover sums due her under the order of the Domestic Relations Court of the City of New York. The defendant has paid, and the plaintiff has accepted, a sum representing payments due to the plaintiff to February 1, 1943, and the plaintiff has accordingly withdrawn the first count. Under the third count the plaintiff seeks an order for support in the future. Upon the evidence presented she is entitled to such an order. *Artman vs. Artman,* 111 Conn. 124; *Smith vs. Smith,* 114 id. 575.

It is found that the sum of $12 per week is a reasonable sum which the defendant should pay, and is able to pay, toward the support of the plaintiff, and that the sum of $288 is due the plaintiff for such support from February 1, 1943, to the week ending July 17, 1943.

It is adjudged and decreed that the judgment of divorce entered in favor of the defendant in the Garland Chancery Court, Garland County, State of Arkansas, on May 7, 1941, is invalid; and judgment may enter for the plaintiff to recover of the defendant the sum of $288, and further that the defendant pay the plaintiff for her support, the sum of $12 per week, beginning July 24, 1943.